**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**DISTRICT OF NEVADA**
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

DEBRA K. KEMPI
DISTRICT COURT EXECUTIVE/CLERK

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

6/30/2017

U.S. District Court
Eastern District of Texas

RE: USA v. Theodore Robert Wright III
Your Case No. 6:16CR40
Our Case No. 2:17-mj-672-CWH

Dear clerk:

Please be advised that the above-referenced defendant was arrested in the District of Nevada (Las Vegas) on a warrant issued by the ___Eastern District of Texas___ and appeared before United States Magistrate Judge ___C.W. Hoffman, Jr.___ on ___6/28/2017___.

☐ The Defendant has been detained and remanded to the custody of the United States Marshal for transport.

☑ The Defendant was released on a personal recognizance bond and ordered to appear in your court on _____.

All documents completed in this district may be accessed via PACER and our website at https://ecf.nvd.uscourts.gov.

Thank you.

**DEBRA K. KEMPI, CLERK**
By:

/s/ Justin Matott
Deputy Clerk


Date Received:_____

Received by:_____

Restraint_None

# United States District Court
# District of Nevada (Las Vegas)
# CRIMINAL DOCKET FOR CASE #: 2:17-mj-00672-CWH-1

| | |
|---|---|
| Case title: USA v. Wright | Date Filed: 06/28/2017 |

Assigned to: Magistrate Judge Carl W. Hoffman

**Defendant (1)**

Theodore Robert Wright     represented by     Gabriel L Grasso
Gabriel L. Grasso, P.C.
9525 Hillwood Drive
Suite 190
Las Vegas, NV 89134
702-868-8866
Fax: 702-868-5778
Email: gabriel@grassodefense.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

| Pending Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| Counts 1-4<>8:1349 and 18:1343 - Conspiracy to Commit | |

Wire Fraud

Count 5 18:844(n) - Conspiracy to Violate

Count 6 18:844 and 2 - Arson of Property Used in Interstate Commerce

Count 7 18:844(h)(1) and 2 - Use of Fire to Commit a Felony and Aiding and Abetting

**Plaintiff**

| USA | represented by | Nancy M. Olson |
| | | U.S. Attorney |
| | | 501 Las Vegas Blvd. South |
| | | Suite1100 |
| | | Las Vegas, NV 89101- |
| | | 702-388-6336 |
| | | Fax: 702-388-6296 |
| | | Email: nancy.olson@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: USA* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2017 | | Case assigned to Magistrate Judge Carl W. Hoffman. (LAA) (Entered: 06/28/2017) |
| 06/28/2017 | 1 | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Theodore Robert Wright held on 6/28/2017 before Magistrate Judge Carl W. Hoffman. Crtrm Administrator: *Donna Smith*; AUSA: *Nancy Olson*; Def Counsel: *Gabriel Grasso*; PTS: *Emily McKillip*; Court Reporter/Recorder: *Liberty*; Recording start and end times: *2:55-3:21*; Time of Hearing: *2:55-3:21 PM*; Courtroom: *3C*; Defendant is present. Defendant shall have no restraints during this court proceeding. Defense counsel retained. Defendant advised of rights/charges. Waiver of Identity Hearing filed. ORDERED defendant identified as named defendant in the indictment and is held to answer in the Eastern District of Texas. Government moves for detention. Detention hearing proceeds. Third party custodian Ashley Polston is sworn and canvassed. Conditions of release are set as stated on the record. Defendant |

| | | |
|---|---|---|
| | | must post $75,000 cash bond cosigned by Ashley Polston. Bond form executed. Defendant is remanded to custody until the terms of the bond are met. Government moves to stay conditions of release. The Court denies the motion. Rule 5 deadline set for 7/6/17.<br>(no image attached) (Copies have been distributed pursuant to the NEF - DES) (Entered: 06/28/2017) |
| 06/28/2017 | 2 | WAIVER of Rule 5(c)(3) Hearings by Theodore Robert Wright. (JM) (Entered: 06/29/2017) |
| 06/29/2017 | 3 | CERTIFICATE of Cash Deposit in case as to Theodore Robert Wright: $ 75,000, receipt number NLVAS051112 (Attachments: # 1 Receipt) (JM) (Entered: 06/29/2017) |
| 06/29/2017 | 4 | SECURED BOND Entered as to Theodore Robert Wright. Receipt # NVLAS051112. (JM) (Entered: 06/29/2017) |
| 06/29/2017 | 5 | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL Signed by Magistrate Judge Carl W. Hoffman on 6/28/2017. (Copies have been distributed pursuant to the NEF - JM) (Entered: 06/29/2017) |
| 06/30/2017 | 6 | TRANSMITTAL to the Eastern District of Texas regarding Rule 5c documents in case as to Theodore Robert Wright III. Transmittal Letter with ECF link transmitted to TXED electronically via e-mail (JM) (Entered: 06/30/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/05/2017 08:31:30 | | | |
| PACER Login: | us3674 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:17-mj-00672-CWH |
| Billable Pages: | 2 | Cost: | 0.20 |

AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

District of Nevada

United States of America
v.

Theodore Wright
_Defendant_

Case No. 2:17-mj-672-CWH

Charging District's Case No.
6:17-CR-40

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* USDC Eastern D. Texas Tyler Division

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ ~~a detention hearing.~~

☐ ~~an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may~~ be entitled in this district. ~~I request that those hearings be held in the prosecuting district, at a time set by that court.~~

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 6/28/17

_Defendant's signature_

_Signature of defendant's attorney_

GABRIEL L. GRASSO
_Printed name of defendant's attorney_

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States
V.
Theodore Wright

Case #: 2:17-mj-672

**CERTIFICATE OF CASH DEPOSIT**

1. I, Ashley Hilton, herewith tender to the Clerk
(Name of Depositor)
of Court for deposit into the Registry Account of this Court cash in the amount of
$ 75,000.00 .

2. This Cash Deposit:

    A. Is tendered on behalf of: Theodore Wright ;
(Name of Party)

    B. Is in the nature of the following (e.g., Interpleader Deposit, Bond in Support of Temporary Restraining Order, etc.) : bond

    C. Is tendered pursuant to the following Court Order (Order must be attached as required by Fed. R. Civ. P. 67(a) and LR 67-1(a)(4) and (b).) : _____

    D. Is conditioned as follows: _____

. . .

1

Rev. 5/1/2016

Paid Amt $ 75,000 Date 6/29/17
Receipt # 1112 Initials RJ

1  ...

2

3   3.   The name and address of the Legal Owner of the cash tendered

4  herewith to whom a refund (if applicable) shall be made is:

5   Ashley Polston

6   3172 N. Rainbow Blvd. #151

7   Las Vegas, NV 89108

8

9  State of Nevada        )                       Dated: 6/29/2017
                          ) ss.
10 County of Clark        )
                                                  _____
11 On June 29  2017                                Signature of Depositor
   personally appeared before me, a
12 Notary Public,

13 Ashley Polston                        HEATHER L. BROOKS
14 (Name of Depositor)                   Notary Public-State of Nevada
   who acknowledged that (s)he           APPT. NO. 14-15254-1
15 executed the above instrument.        My App. Expires December 01, 2018

16
17 _____
   NOTARY PUBLIC                         Dated: _____
18

19                                       Signature of Attorney for
                                         Party or Party Appearing
20                                       Pro Se (If different from
                                         Depositor)
21

22 RECEIPT:

23 Cash as identified herein is
   hereby acknowledged as being
24 received this date.

25 Dated: 6/29/17

26 CLERK, U.S. DISTRICT COURT

27 By: _____
       Deputy Clerk
28

2

```
Court Name: District of Nevada
Division: 2
Receipt Number: NVLAS051112
Cashier ID: rtanker
Transaction Date: 06/29/2017
Payer Name: Ashley Polston

TREASURY REGISTRY
 For: Ashley Polston
 Case/Party: D-NVX-2-17-MJ-000672-001
 Amount:       $75,000.00

CHECK/MONEY ORDER
 Remitter: Ashley Polston
 Check/Money Order Num: 7208
 Amt Tendered:  $75,000.00

Total Due:     $75,000.00
Total Tendered: $75,000.00
Change Amt:    $0.00


"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check."
```

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

FILED _____ SERVED ON
ENTERED _____ COUNSEL/PARTIES OF RECORD

JUN 29 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America )
v. )
Theodore Robert Wright III ) Case No. 2:17-mj-672 CWH
_____ )
Defendant )

## APPEARANCE BOND

### Defendant's Agreement

I, Theodore Robert Wright III (*defendant*), agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X ) to appear for court proceedings;
( X ) if convicted, to surrender to serve a sentence that the court may impose; or
(   ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

(   ) (2) This is an unsecured bond of $ _____ .

( ✓ ) (3) This is a secured bond of $ _____ , secured by:

    ( ✓ ) (a) $ 75,000.00 _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property
    *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

# UNITED STATES DISTRICT COURT
for the
_____ District of Nevada

| | |
|---|---|
| United States of America ) | Case No. 2:17mj 672 CWH |
| v. ) | |
| Theodore Robert Wright III ) | Charging District: ED of Texas |
| *Defendant* ) | Charging District's Case No. |
| | 6:16CR40 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: As directed | Courtroom No.: As directed |
|---|---|
| | Date and Time: As directed |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: June 28, 2017

_____
*Judge's signature*

C.W. HOFFMAN, JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

\_\_\_ FILED \_\_\_ RECEIVED
\_\_\_ ENTERED \_\_\_ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 28 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY


# UNITED STATES DISTRICT COURT
for the
District of Nevada

United States of America )
v. )
Theodore Robert Wright III ) Case No. 2:17mj-672 CWH
*Defendant* )

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____ _____
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

**SUPERVISION**
(✓) (6) The defendant is placed in the custody of:
Person or organization    **Ashley Polston**
Address *(only if above is an organization)*
City and state    **Las Vegas, NV**    Tel. No. _____
*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____    **June 28, 2017**
Custodian or Proxy                              Date

(✓) (7) The defendant shall report to:    (✓) U.S. Pretrial Services Office   (✓) Las Vegas 702-464-5630   ( ) Reno 775-686-5964
    no later than: _____    ( ) U.S. Probation Office    ( ) Las Vegas 702-527-7300   ( ) Reno 775-686-5980
( ) (8) The defendant is released on the conditions previously imposed.

**BOND**
(✓) (9) The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: **$75,000.00 cash secured by cash and cosigned by Ashley Polston**
( ) (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____
( ) (11) The defendant shall execute a bail bond with solvent sureties in the amount of $ _____.

**PENDING MATTERS**
( ) (12) The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.
( ) (13) The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.
( ) (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

**IDENTIFICATION**
( ) (15) The defendant shall use his/her true name only and shall not use any false identifiers.
( ) (16) The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**
(✓) (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer. **prior to release**
( ) (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
(✓) (19) The defendant shall not obtain a passport or passport card.
(✓) (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to the following areas:
(✓) Clark County, NV   ( ) Washoe County, NV   ( ) State of NV   ( ) Continental U.S.A.   ( ) Other
(✓) (21) The defendant may travel to **Eastern District of Texas** for the purpose of **Court only**.

**RESIDENCE**
(✓) (22) The defendant shall maintain residence at (✓) current or ( ) at: _____

and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
( ) (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
( ) (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
( ) (25) The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

**EMPLOYMENT**
( ) (26) The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
( ) (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.
( ) (28) The defendant shall not secure employment in the following field(s): _____
( ) (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

## EDUCATION/VOCATION
( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

## CONTACT
( ) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____.
(✓) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

## FIREARMS/WEAPONS
(✓) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
(✓) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

## SUBSTANCE ABUSE TESTING AND TREATMENT
( ) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.
( ) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
( ) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
( ) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (41) The defendant shall refrain from any use of alcohol.
( ) (42) The defendant shall refrain from the excessive use of alcohol.
( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
( ) (44) The defendant shall not be in the presence of anyone using or possessing:
  ( ) (44A) A narcotic drug or other controlled substances
  ( ) (44B) Alcohol
  ( ) (44C) Intoxicating substances or synthetics
( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## MENTAL HEALTH TREATMENT
( ) (47) The defendant shall undergo medical or psychiatric treatment.
( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer..
( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## LOCATION MONITORING
( ) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.
  ( ) (50A) Curfew.
    The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
  ( ) (50B) Home Detention.
    The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.
  ( ) (50C) Home Incarceration.
    The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

(✓) (51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    ( ) (51A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
    ( ) (51B) Voice Recognition monitoring.
    ( ) (51C) Radio Frequency (RF) monitoring.
    (✓) (51D) Global Positioning Satellite (GPS) monitoring.
(✓) (52) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
(✓) (53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**INTERNET ACCESS AND COMPUTERS**
( ) (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
( ) (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.
( ) (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

**FINANCIAL**
( ) (57) The defendant shall not obtain new bank accounts or lines of credit.
( ) (58) The defendant shall not act in a fiduciary manner on behalf of another person.
( ) (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
( ) (60) The defendant shall not solicit monies from investors.
( ) (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
( ) (62) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

**SEARCH**
( ) (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

**OTHER PROHIBITED ACTIVITIES**
( ) (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
( ) (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
( ) (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
( ) (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
( ) (68) All aspects of the _____ dispensary shall be closed.
( ) (69) All promotion, web sites and advertising associated with the establishment should be discontinued.
( ) (70) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
( ) (71) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
( ) (72) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
( ) (73) The defendant shall have no involvement in the referral of medical marijuana.

**OTHER CONDITIONS**
(✓) (74) The defendant shall abide by other conditions as noted below: Defendant's pilot license shall be surrendered to Pretrial Services prior to his release
Defendant shall not operate any aircraft or boat



AO 199C  (Rev. 09/08) Advice of Penalties                                                               Page _____ of _____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT: Theodore Robert Wright III

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

   Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
   While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.
   It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
   If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
   A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

   I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Las Vegas, Nevada
_____
City and State

### Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released after processing.
( ✓ )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified. 6/29/17 – $75,000 cash posted. Passport & pilot's license surrendered. Release conditions met.

Date: June 28, 2017

_____
Judicial Officer's Signature

C.W. HOFFMAN, JR.
U.S. MAGISTRATE JUDGE