

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| **UNITED STATES OF AMERICA** | § § § | **CRIMINAL NO.: 6:17-CR-40(1)** |
|---|---|---|
| v. | § § § | |
| **THEODORE ROBERT WRIGHT, III** | § | |

### PRE-TRIAL ORDER

This case is set for **Final Pre-Trial** on   August 3, 2017   , at 3:00 p.m., in U.S. District Courthouse, Tyler, Texas, and **Jury Selection** and **Trial** on August 14, 2017   , at 10:00 a.m.*

The following deadlines shall apply in this case.

July 13, 2017          Any motion for continuance shall be filed with the court.

July 20, 2017          Counsel for the government shall deliver to counsel for the the defendant(s) proposed jury instructions.

July 20, 2017          Pursuant to the holding in *United States of America v. Ellis*,

1

|  |  |
|---|---|
|  | 547 F.2d 863 (5th Cir. 1977) the parties shall notify the court of any plea agreement. Notification shall be by hand delivery or fax of a signed copy of the plea agreement. No plea agreement entered into after the deadline shall be honored by the court without good cause shown. |
| July 24, 2017 | If the parties do not notify the court of a plea agreement as provided above, defense counsel shall deliver to counsel for the government any additional jury instructions desired by defendants. If two or more defendants are represented by separate counsel, their submission should be made jointly. |
| July 28, 2017 | Counsel for defendant(s) and counsel for the government shall confer to determine which jury instructions can be agreed to. |
| July 28, 2017 | Parties shall file any motions in limine. |
| July 30, 2017 | Counsel for the government and counsel for the defendant(s) shall: |

    A.      Jointly file agreed upon instructions;

    B       Each file their desired proposed instructions which were not agreed upon, citing the authority for each instruction;

    C.      Each file any objections to the other's proposed jury instructions. Objections must be written, specific, cite authority, and include any alternate instructions counsel deem more appropriate; and

      D.      If counsel believes that a written response to a particular motion in limine is needed, file it.[1]

Any party seeking to file proposed jury instructions after the deadline may do so only with leave of the court.

All exhibits to be used for trial shall be pre-marked numerically and in succession. (Groups of exhibits pertaining to the same subject, such as photos of the same scene may, at counsel's discretion, be numbered and lettered, *ie* 2a, 2b, 2c, etc.) Prior to the start of a party's case in chief, that party shall provide opposing counsel and the court a list of witnesses and a list of exhibits anticipated to be introduced during the case in chief, and a copy of each marked exhibit.

So **ORDERED** and **SIGNED** this 6 day of **July, 2017.**

_____
Ron Clark, United States District Judge

\*Counsel should be prepared to try this case on this date. Cases will be tried in order with other cases on the docket. (Depending on the disposition of other cases on the court's docket, jury selection may be the following week. The court will notify counsel as soon as possible if this is necessary.)

---

[1] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if briefing is needed on a particularly difficult or novel issue the court needs some time to review the matter.